

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2009

# Roderick v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2667

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Roderick v. Comm Social Security" (2009). *2009 Decisions.* Paper 1537.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1537

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2667
_____

CHRISTY A. RODERICK


v.

COMMISSIONER OF SOCIAL SECURITY

*Carol Roderick o/b/o Christy Roderick,
Appellant

*(Pursuant to Rule 12(a), F.R.A.P.)


_____


On Appeal From the United States District Court
for the District of New Jersey
(Civil No. 06-cv-0517)
District Judge: Honorable Peter G. Sheridan

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2008

Before: BARRY, CHAGARES, <u>Circuit</u> <u>Judges</u>, and COHILL,<sup>*</sup> <u>District Judge</u>.

(Filed: April 16, 2009)


_____


---

<sup>*</sup> The Honorable Maurice B. Cohill, Jr., Senior United States District Judge for the
Western District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

_____

COHILL, Senior District Judge.

Christy Roderick appeals from a District Court order affirming the Commissioner of Social Security's denial of Child's Insurance Benefits under the Social Security Act ("SSA"), for the period beginning on April 1, 1998 and continuing through January 3, 1999.[1] Roderick argues that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence. We disagree and will affirm the District Court's judgment.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

Roderick filed for social security benefits due to obesity, depression, severe sinus problems, knee problems, circulation problems, and right hand numbness. She sought Child's Insurance Benefits from April 1, 1998 until she reached the age of 22 on January 4, 1999, and for Supplemental Security Income payments thereafter.

An administrative hearing was held on June 24, 2004, at which time Roderick testified that she was 5' 6" tall and currently weighed 348 pounds. (App. 32.) She testified that she weighed 310 pounds when she was in high school in 1995. (App. 32-33,

_____

[1] Roderick passed away on January 14, 2007. (App. 29.)

2

43.) She testified that her left knee pain was constant and severely limited her ability to walk, stand, or sit. (App. 32, 33-34, 37, 39-40.) She also suffered related back pain, shortness of breath, and general fatigue. (App. 34, 37.) Her knee pain began in 1998 following a car accident. She also indicated that she has suffered from depression since high school, making it difficult to concentrate. (App. 34, 42.) She was diagnosed with diabetes in January, 2004. (App. 36-37.) She does not leave her house, and sits in dark rooms most of the time with migraine headaches. (App. 34-35.) She is unable to grip items or lift certain items due to pain and numbness in her right hand. (App. 36, 40.)

She testified that she had never worked more than four hours in a day except when she worked as a nanny. (App. 41-42.) She had other past work as a telephone operator for an answering service, a cashier, one night as a security guard, and as a telemarketer. (App. 38, 40-41, 42, 105.) She does not drive because of difficulty gripping the steering wheel and because it requires her to be seated. (App. 44-45.) She rarely leaves the house, other than for visiting the doctor about once a month. (App. 45-46.)

The ALJ determined that Roderick had the following severe impairments: obesity, chondromalacia of her left patella, lumbosacral disc disease, and degenerative joint disease in the left knee. (App. 17, 25.) The ALJ also found that Roderick had "medically determinable chronic sinusitis, allergic rhinitis, diabetes, depressive disorder NOS and anxiety, and has symptomatically been diagnosed with chronic gastritis and migraine headaches." (App. 25-26.) However, the ALJ concluded that Roderick's medical

3

impairments "do not meet or medically equal any of the listed impairments in" the Impairments List.  Id.   The ALJ also determined that Roderick's general credibility was low.  (App. 24, 26.)  The ALJ then determined that "[b]ased upon the record as a whole, despite the established medical impairments," Roderick maintained the residual functional capacity to return to her past work as a telephone operator for an answering service.  (App. 24-25, 26.)  Therefore, the ALJ concluded that Roderick was not under a "disability" as defined in the SSA at any time from April 1, 1998 through the date of the decision, December 21, 2004.  (App. 27.)

The District Court affirmed the ALJ's denial of Child's Insurance Benefits, and remanded the matter for further proceedings as it related to the ALJ's denial of Supplemental Security Income payments because the ALJ failed to discuss the vocational expert's response to a hypothetical question that Roderick was currently unemployable. (App. 1-13.)  Thus the only issue on appeal concerns the denial of Child's Insurance benefits.

## II.

The District Court had subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c).  We have jurisdiction to review the District Court's decision under 28 U.S.C. § 1291.  Our review is limited to determining whether substantial evidence supports the ALJ's finding that Roderick was not disabled.  42 U.S.C. §§ 405(g), 1383(c); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).  "'Substantial evidence' has

4

been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

III.

The SSA gives the Commissioner authority to pay social security benefits to disabled persons. 42 U.S.C. §§ 423(d), 1382. In order to be entitled to Child's Insurance benefits as a disabled adult, a claimant must show that she is the child of an insured person who is disabled and is dependent on the insured, is unmarried, and was under a disability as defined in the SSA before she attained the age of 22. 42 U.S.C. §§ 402(d)(1), 423(d)(1)(A). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is not disabled unless "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner applies a five-step test to determine whether a claimant is

disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first two steps require the claimant to demonstrate that she is not currently engaging in substantial gainful activity, and that she is suffering from a severe impairment. Id. A failure of proof at step one or step two renders the claimant ineligible for Disability Insurance Benefits and Supplemental Security Income. See Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).

If, however, the claimant progresses to step three, then the question becomes "'whether the impairment is equivalent to one of a number of Listed Impairments [articulated in 20 C.F.R. Pt. 404, Subpt. P, App. 1] that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.'" Knepp v. Apfel, 204 F.3d 78, 84 (3d Cir. 2000) (quoting Bowen v. Yuckert, 482 U.S. 137, 141 (1987)); see also 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's specific impairment is not a Listed Impairment, the ALJ must consider whether the claimant's impairment or combination of impairments is "medically equivalent" to a Listed Impairment. See 20 C.F.R. § 404.1526(a).

An impairment or combination of impairments is "medically equivalent" to a Listed Impairment if it is "at least equal in severity and duration to the criteria of any [L]isted [I]mpairment." Id. In other words, the claimant's impairment "'must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.'" Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990)(emphasis in

6

Zebley)). A claimant who satisfies step three "is conclusively presumed to be disabled." Knepp, 204 F.3d at 84. A claimant who fails at step three must continue to steps four and five.

At step four, the question is "whether the claimant retains the residual functional capacity to perform her past relevant work." Plummer, 186 F.3d at 428. It is the claimant's burden to establish an inability to return to her past relevant work. See id. A failure of proof at step four dooms the claimant's case. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If, however, the claimant satisfies this burden, then the burden of production shifts to the Commissioner to show, at step five, that "there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity." Plummer, 186 F.3d at 428. This step requires the ALJ to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the cumulative effect of all of the claimant's impairments renders her capable of working. See 20 C.F.R. § 404.1520(g).

IV.

On appeal, Roderick argues that the ALJ's decision is not supported by substantial evidence. She specifically challenges the ALJ's determination that Roderick did not suffer a severe psychiatric impairment. She also argues that the ALJ erred in failing to address the vocational expert's response that Roderick was not capable of working; that

7

is, Roderick argues that the error identified by the District Court that resulted in the District Court's remand of the matter as it related only to denial of Supplemental Security Income, also requires a remand as it relates to the denial of Child's Insurance Benefits.

The District Court affirmed the denial of Child's Insurance Benefits noting that the few medical records that exist for the relevant time period of April 1, 1998 to January 3, 1999, do not "conclude or remotely corroborate the contention that [Roderick] can not work at any job." (App. 8.) We agree.

With regard to a psychiatric impairment, Roderick's primary physician diagnosed depression based solely on Roderick's self-report. (App. 193.) He did not rely on any objective evidence to support the diagnosis, did not refer her to a mental health professional, and noted that Roderick refused to take anti-depressants. (App. 193, 197.) In addition, Roderick's primary physician's observations of her mental status and activities support a finding that Roderick was not suffering from a debilitating psychiatric impairment. (App. 198, 200.) There is no other medical evidence to support a psychiatric diagnosis for the relevant time period. Roderick underwent a consultative mental examination on July 9, 2003, well after she reached the age of 22 on January 4, 1999. (App. 205-209.) At that time the examining psychologist diagnosed Roderick with depressive disorder, panic disorder with agoraphobia, and generalized anxiety disorder. (App. 208.) The examining psychologist also noted that Roderick had no history of psychiatric hospitalizations or outpatient psychiatric treatment, and no current psychiatric

treatment.  (App. 205.)  The examining psychologist's diagnoses also were based on Roderick's self-reports, which were contradicted by the psychologist's observations. (App. 207-208.)  For the time period in question there is no medical evidence to support a finding that Roderick is disabled.

Given the lack of medical evidence to support a finding of "disabled" prior to January 4, 1999, the hypothetical question posed to the vocational expert necessarily included limitations that were not supported by the objective medical record for the relevant time period.  A hypothetical must only include impairments that are supported by the medical record.  Rutherford, 399 F.3d at 554.  Thus, we find no error with the ALJ's failure to address the vocational expert's response as it relates to the denial of Child's Insurance Benefits.

Thus, we find that the ALJ properly calculated Roderick's residual functional capacity and sustained his burden at step four of the sequential evaluation.

V.

For the foregoing reasons, we will affirm the District Court's judgment.